SCHAGHTICOKE TRIBAL NATION *v.*
RONALD HARRISON
(SC 16874)
(SC 16875)

Sullivan, C. J., and Borden, Katz, Palmer and Zarella, Js.

Argued February 11—officially released July 29, 2003

*Charles D. Ray*, with whom were *Eric Watt Wiech-mann* and, on the brief, *Vanessa D. Roberts*, for the

appellant-appellee in Docket No. SC 16874, appellee in Docket No. SC 16875 (plaintiff).

*Michael J. Burns*, for the appellee-appellant in Docket No. 16874 (defendant) and for the appellant in Docket No. 16875 (proposed intervenor).

*Opinion*

SULLIVAN, C. J. In these two consolidated appeals, the plaintiff, Schaghticoke Tribal Nation, appeals from the trial court's decision granting the motion of the defendant, Ronald Harrison, to dismiss the plaintiff's trespass action, and the defendant cross appeals and the proposed intervenor, the Schaghticoke Indian Tribe, appeals, both from the trial court's decision denying the proposed intervenor's motion to intervene. We reverse both the trial court's granting of the motion to dismiss and its denial of the motion to intervene.

The Schaghticoke are a state-recognized tribe of Indians who possess a state-recognized reservation in Kent.[1] The tribe currently is divided into two factions. The plaintiff, Schaghticoke Tribal Nation, and the proposed intervenor, Schaghticoke Indian Tribe, of which the defendant is a member, each claim to be the tribe recognized by the state. On June 13, 2001, the plaintiff brought an action against the defendant for trespass. The basis of the complaint was an allegation that the defendant, a resident of the Schaghticoke Indian reservation (reservation), without the plaintiff's permission and contrary to its orders, had removed and was continuing to remove timber from the reservation and had caused additional incidental damage in the process. On July 17, 2001, the defendant filed a motion to dismiss the

_____

[1] General Statutes § 47-63 provides in relevant part: "The following terms as used in this chapter, shall have the following meanings: 'Indian' means a person who is a member of any of the following tribes [including] . . . Schaghticoke . . . 'reservation' means [inter alia] . . . the Schaghticoke reservation in the town of Kent, assigned to the Schaghticoke tribe . . . ."

action, and the proposed intervenor filed both a motion to intervene and a motion to dismiss. On November 27, 2001, the trial court denied the motion to intervene and granted the defendant's motion to dismiss, finding that the plaintiff did not have standing because it did not have authority to bring suit on behalf of the tribe. The plaintiff and the proposed intervenor appealed from these decisions against each of them respectively, and the defendant filed a cross appeal challenging the denial of intervention. We transferred the appeals to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. We reverse both decisions of the trial court.

I

We first consider the plaintiff's appeal challenging the trial court's granting of the motion to dismiss. The plaintiff maintains that the facts alleged in its complaint were sufficient to demonstrate standing and that those facts should have been construed most favorably to the plaintiff. In the alternative, the plaintiff asserts that the trial court should have held an evidentiary hearing before ruling on the motion to dismiss. We agree with the plaintiff's alternative argument.

" 'If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause.' " *Ramos* v. *Vernon*, 254 Conn. 799, 808, 761 A.2d 705 (2000). "[T]he standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citation omitted; internal quotation marks omitted.) *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, 231 Conn. 563, 571, 651 A.2d 1246 (1995). "To demonstrate authority to sue . . . it is not enough for a party merely to show a 'colorable claim' to such authority. Rather, the

party whose authority is challenged has the burden of convincing the court that the authority exists." Id., 572. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Unisys Corp.* v. *Dept. of Labor,* 220 Conn. 689, 695–96, 600 A.2d 1019 (1991).

In the present case, the defendant challenged the plaintiff's authority to bring an action on behalf of the Schaghticoke tribe,[2] asserting that the proposed intervenor, and not the plaintiff, is the tribe recognized by the state. In the face of this challenge, the plaintiff had the burden of convincing the court of its authority to maintain this action, and, therefore, contrary to its claims, was not entitled to have its allegations regarding this authority construed in its favor. See *Golden Hill Paugussett Tribe of Indians* v. *Southbury,* supra, 231 Conn. 572. The plaintiff was, however, entitled to an evidentiary hearing at which it could attempt to establish its authority before the court found that it lacked that authority. Because the trial court in this case did not hold an evidentiary hearing prior to determining that the plaintiff was not authorized to bring an action on behalf of the tribe, the court's granting of the defendant's motion to dismiss was improper.

The defendant asserts several alternate grounds for affirmance of the court's dismissal of the plaintiff's action. The defendant maintains that, in the present case, the trial court did not have subject matter jurisdiction to hold such an evidentiary hearing or to determine whether the plaintiff is in fact the Schaghticoke tribe

---

[2] As previously noted, the proposed intervenor also filed a motion challenging the plaintiff's authority to bring an action on behalf of the tribe, but the trial court did not rule on that motion to dismiss.

referred to in General Statutes § 47-63, because the resolution of the question of "tribal status" must be determined in administrative proceedings before the federal Bureau of Indian Affairs (bureau)[3] before the trial court may permit this case to proceed. We disagree.

The defendant claims that "[a] determination of the tribal status of [the plaintiff] and [the proposed intervenor] is required prior to proceeding" in the present case. Noting the plaintiff's petition for federal recognition pending with the bureau, the defendant claims that "the determination of tribal status is a prerequisite to determining the merits of the plaintiff's complaint, and tribal status is also at the heart of the federal proceedings. The plaintiff's claims are contingent upon the resolution of that very issue, and are not ripe." The defendant makes no other assertion regarding the status of the plaintiff's petition for federal recognition and, therefore, takes the position that the mere fact that such a petition is pending, standing alone, deprives the trial court of jurisdiction.

The defendant cites only one case in support of his claim that the present case is not ripe. *Golden Hill*

[3] The defendant asserts in his brief that "[a] determination of the tribal status of [the plaintiff] and [the proposed intervenor] is required prior to proceeding with any lawsuit involving [the plaintiff's] claims to any authority over [the] reservation. The federal proceedings currently [under way], involving *both the Federal District Court for the District of Connecticut,* and the [bureau], Branch of Acknowledgement and Research are addressing these very issues." (Emphasis added.) The defendant does not explain why any ongoing *federal court* action might deprive the trial court of the authority to determine whether the plaintiff is the "Schaghticoke" tribe under § 47-63. Indeed, the only authority cited by the defendant in support for his claim that *any* pending federal action might prevent the exercise of jurisdiction by the trial court is a case that held that the District Court for the District of Connecticut should defer any determination of whether a plaintiff was a "tribe" under federal law while that issue was under consideration by the bureau. *Golden Hill Paugussett Tribe of Indians* v. *Weicker,* 39 F.3d 51 (2d Cir. 1994). We conclude that the defendant has failed to provide any basis for the conclusion that any pending federal court case prevents the exercise of jurisdiction by the trial court.

*Paugussett Tribe of Indians* v. *Weicker*, 39 F.3d 51 (2d Cir. 1994). That case, however, does not support his position. In *Golden Hill Paugussett Tribe of Indians* v. *Weicker*, supra, 54, a tribe of Indians sought relief under the federal Indian Trade and Intercourse Act of July 22, 1790 (Nonintercourse Act), 25 U.S.C. § 177, which provides in relevant part: "No purchase, grant, lease, or other conveyance of lands, or of any title or claim thereto, from any Indian nation or tribe of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution. . . ." The plaintiff in that case also had an application for recognition pending with the bureau. *Golden Hill Paugussett Tribe of Indians* v. *Weicker*, supra, 55. One of the defendants moved to dismiss the action, claiming that "the [D]istrict [C]ourt lacked jurisdiction because [the] plaintiff had alleged insufficient facts to support an element of its claim, namely that [the] plaintiff is a 'tribe' within the meaning of the Nonintercourse Act." Id. The District Court dismissed the action without prejudice. Id., 54. The United States Court of Appeals for the Second Circuit concluded that the District Court was required to defer to the bureau's determination of whether the plaintiff in that case would be granted federal recognition before determining if that plaintiff was a "tribe" under federal law, and remanded the case with direction to stay the action pending that determination by the bureau. Id., 60.

The plaintiff in the present case has not brought suit under any law requiring that it be a federally recognized tribe, however, but instead has brought a state common-law trespass action to protect the interests of the Schaghticoke tribe in the reservation assigned to it under § 47-63. Therefore, if the plaintiff can establish that it is authorized to bring this action on behalf of the Schaghticoke tribe, the plaintiff has standing whether its petition for federal recognition is granted,

denied or stayed indefinitely. Consequently, a decision by the bureau regarding the plaintiff's pending petition for federal recognition is not a prerequisite to determining the plaintiff's standing to sue in the present case.

The defendant further asserts that "[t]he question of ripeness in the present case also involves an understanding of the interrelated doctrines of exhaustion of administrative remedies and primary jurisdiction as well as concerns over federal preemption." Those doctrines, however, did not deprive the trial court of jurisdiction to hold an evidentiary hearing in the present case to determine if this action has been properly authorized by the Schaghticoke tribe. The plaintiff seeks to enjoin the defendant from removing trees from, or making other alterations to, land on the reservation. The granting by the bureau of the plaintiff's petition for federal recognition would not provide the remedy sought by the plaintiff in this action, and, as previously explained, federal recognition is not a prerequisite for the granting of that remedy. Consequently, the alleged failure by the plaintiff to exhaust administrative remedies before the bureau did not deprive the trial court of jurisdiction. Similarly, while the bureau has the authority to determine which, if any, Schaghticoke group will be granted *federal* recognition, it does not have primary jurisdiction over the issue of whether the plaintiff is in fact the tribe already recognized by the state.

We next consider the defendant's claim that "[a]rguably, the federal government has preempted the field of determination of tribal status of Native American groups" because "[p]ursuant to [Congressional] authorization, in 1978 the [bureau] promulgated procedures for American Indian tribes to be *federally* recognized." (Emphasis added.) Thus, the defendant asserts that federal recognition of some tribes precludes state recognition of additional tribes not recognized by the federal

government and, therefore, precludes the trial court from determining whether the plaintiff is in fact the tribe recognized by the state under § 47-63. The defendant has provided no authority to support this claim. This proposition, moreover, is contrary to our holding in *Golden Hill Paugussett Tribe of Indians* v. *Southbury*, supra, 231 Conn. 576, that a state trial court has jurisdiction to determine whether a party has standing to sue on behalf of a state-recognized tribe. Therefore, we reject this argument.

We conclude that the fact that the plaintiff has petitioned the bureau for federal recognition does not, by itself,[4] render the present case not ripe or otherwise not justiciable. We conclude further that, contrary to the defendant's claim, the record as it presently stands does not establish that the trial court lacks authority to determine whether the plaintiff is the "Schaghticoke" tribe referred to in § 47-63.

Finally, the defendant maintains that the trial court's dismissal of the action should be affirmed because the plaintiff has failed to allege facts that constitute ele-

---

[4] As the defendant has noted, if, on remand, the trial court determines that either the plaintiff or the proposed intervenor is the "Schaghticoke" tribe referred to in § 47-63, the bureau may nonetheless decide that the other faction, and only the other faction, shall be granted federal recognition as a tribe. It is also possible, however, that the bureau will grant federal recognition to the group found by the trial court to be the state-recognized tribe, that it will recognize both groups as a single tribe of uncertain leadership, that it will recognize the groups as two distinct, though historically related, tribes, or that it will recognize neither group as a tribe. Moreover, the defendant has provided no authority for the proposition that the granting of federal recognition to a group of Schaghticoke Indians not previously recognized as a tribe by the state would be in conflict with the continued recognition by the state of a different and additional group of Schaghticoke Indians under § 47-63. We conclude that, in light of the present state of the record in this case, any difficulties that might result from the possible future recognition by the state and federal governments of different Schaghticoke groups are too speculative to deprive the trial court of jurisdiction to hold an evidentiary hearing to determine standing in the present case.

ments necessary to maintain its trespass action. Specifically, the defendant maintains that the plaintiff has failed to allege that it has title to and possession of the land at issue, and he notes that the plaintiff has not disputed the defendant's claim that all reservation residents are members of the proposed intervenor. The plaintiff, however, has alleged in its complaint that the "Schaghticoke Tribal Nation (the 'Tribe') is an American Indian tribe whose current State reservation is located in Kent" and that "[f]or countless years prior and at least since Chief Velky's election in 1987, the Tribe has been the owner and has had possession and uninterrupted use of the land [at issue]." Because the plaintiff claims that it is the tribe that owns and has possession and use of the land at issue, it has alleged that it has title to and possession of that land. Therefore, the plaintiff has alleged those facts necessary to maintain this action. We therefore conclude that the trial court improperly granted the defendant's motion to dismiss the plaintiff's action.

## II

We next consider the claim of the proposed intervenor that the trial court improperly denied its motion to intervene.[5] Under Practice Book § 9-18, "[i]f a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party."

"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. . . . It must be kept in mind, however, that the rules of inter-

[5] The proposed intervenor moved to intervene as of right, but requested permissive intervention in the alternative. "Connecticut procedure has not always clearly defined the distinction between permissive intervention and intervention as of right . . . ." (Citation omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 60 Conn. App. 134, 138, 758 A.2d 916 (2000). We find it unnecessary to draw such a distinction in the present case.

vention should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action. . . . A proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment." (Citations omitted; internal quotation marks omitted.) *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 747, 699 A.2d 73 (1997).

In its memorandum in support of its motion to intervene, the proposed intervenor alleged that it, not the plaintiff, is the Schaghticoke tribe referred to in § 47-63, that it therefore had the authority under that statute to control the reservation, and that all reservation residents were members of the proposed intervenor. These claims, if true, establish that the proposed intervenor has a direct and immediate interest that would be impaired by a judgment in favor of the plaintiff, because a judgment in favor of the plaintiff necessarily would require a finding that the plaintiff has property rights in the reservation that the proposed intervenor claims the right to control. Therefore, the trial court improperly denied the proposed intervenor's motion to intervene.[6]

---

[6] We also note that the trial court should not have ruled on the motion to intervene at all. The motion to intervene and the motion to dismiss were filed on the same day. Once the question of subject matter jurisdiction has been raised, "cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99, 680 A.2d 1321 (1996). Thus, if the court ruled on the motion to intervene before the motion to dismiss, it violated the "jurisdiction first" rule; if the court ruled on the motion to dismiss first, determining that it lacked jurisdiction over the case, then it lacked jurisdiction to consider the motion to intervene. Nonetheless, we address the question, in the interest of judicial economy, because it will necessarily arise on remand.

The judgment is reversed and the case is remanded with direction to deny the motion to dismiss, to grant the motion to intervene and for further proceedings according to law.

In this opinion the other justices concurred.