## DONALD L. FRANCO *v.* EAST SHORE DEVELOPMENT, INC.
### (SC 16893)

Borden, Norcott, Katz, Palmer and Parker, Js.

---

Argued October 23, 2003—officially released October 26, 2004

*Louis R. Pepe*, with whom, was *Jennifer A. Osowiecki*, for the appellant (Laurel Woods, Inc.).

*Kenneth A. Votre*, for the appellee (plaintiff).

*Opinion*

PALMER, J. The sole issue raised by this certified appeal is whether an assignee of an arbitration award has a right to intervene in an action to confirm that award brought by a party to the arbitration agreement pursuant to General Statutes § 52-417.[1] During the pen-

---

[1] General Statutes § 52-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

dency of an arbitration proceeding between the plaintiff, Donald L. Franco, and the defendant, East Shore Development, Inc. (East Shore), East Shore assigned all its right, title and interest in any arbitration award to the appellant, Laurel Woods, Inc. (Laurel Woods). The arbitrator thereafter rendered an award in favor of East Shore. East Shore and Laurel Woods filed an application to confirm the award pursuant to § 52-417 and a motion to join Laurel Woods as a party to the confirmation proceeding. The trial court denied the motion for joinder, and Laurel Woods appealed to the Appellate Court, which affirmed the trial court's denial of the motion. *Franco* v. *East Shore Development, Inc.*, 73 Conn. App. 303, 315, 807 A.2d 1039 (2002). We granted Laurel Woods' petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the trial court's denial of [Laurel Woods'] motion to join the proceedings in the trial court?" *Franco* v. *East Shore Development, Inc.*, 262 Conn. 924, 814 A.2d 378 (2002). We conclude that Laurel Woods was entitled to intervene in the confirmation proceeding and, therefore, reverse the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following undisputed facts and procedural history that are necessary to our resolution of this appeal. "On September 24, 1992, [Franco and East Shore] entered into a contract (agreement). According to the terms of the agreement, Franco was to manage a nursing facility that East Shore was going to build, own and operate. East Shore completed the facility and leased it to Laurel Woods. Thereafter, Franco managed the facility from 1993 to 1998.

"[In] . . . 1998, a dispute arose between Franco and East Shore concerning Franco's compliance with his obligations under the agreement. On or about June 1, 1998, Franco filed a demand for arbitration, pursuant

to the arbitration clause of the agreement, claiming that East Shore had breached the agreement by actually terminating, attempting to terminate or threatening to terminate the agreement. By way of letter on July 23, 1998, East Shore formally terminated the agreement with Franco alleging that Franco violated the agreement because he had failed to pay a payroll withholding tax.

"On September 8, 2000, while the arbitration proceedings were pending, East Shore assigned all its right, title and interest in any arbitration award to Laurel Woods. East Shore also filed a counterclaim on or about November 12, 1998, alleging that Franco had breached the agreement. The arbitrator issued a decision on February 9, 2001, that denied Franco relief and awarded East Shore damages totaling $432,794.

"On March 8, 2001, Franco filed an application [pursuant to General Statutes § 52-418][2] to vacate the arbitration award. On March 29, 2001, East Shore and Laurel Woods filed a motion for joinder and to confirm the arbitration award. The motion was comprised of two components. Laurel Woods, as the assignee of East Shore, sought pursuant to General Statutes §§ 52-101[3] and 52-103[4] to be joined as a party in interest to the

---

[2] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

[3] General Statutes § 52-101 provides in relevant part: "All persons having an interest in the subject of a civil action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly provided . . . ."

[4] General Statutes § 52-103 provides: "Any court, or a judge when the court is not in session, upon motion, may cite in a new party or parties to

proceedings. Further, East Shore and Laurel Woods sought an order pursuant to General Statutes §§ 52-417 and 52-420[5] confirming the arbitration award. Franco filed an objection to the motion for joinder on May 2, 2001. [In addition, while these various motions were pending, Franco exercised an option to become an 80 percent shareholder of East Shore.]

"On May 11, 2001, the [trial] court denied [the] . . . motion for joinder. The court stated that 'Laurel Woods had no written contract with [Franco] . . . for arbitration. Laurel Woods was not [the] assignee of the actual contract between [Franco] and East Shore, but merely the assignee of any award proceeds from the arbitration. General Statutes §§ 52-417 and 52-418 provide that only a party to the arbitration may be a party to the court actions seeking to confirm or [to] vacate the award. See *Hartford* v. *Local 308*, 171 Conn. 420, 370 A.2d 996 (1976). The fact that the award may result in a benefit or a detriment to another person or entity is immaterial to party status. Id.' The court also entered an order staying the proceeding to confirm or to vacate the arbitration award pending an appellate decision on the

any action pending before the court or judge, and may include in such citation an order for any proper prejudgment remedy or hearing for a prejudgment remedy."

[5] General Statutes § 52-420 provides: "(a) Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay.

"(b) No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion.

"(c) For the purpose of a motion to vacate, modify or correct an award, such an order staying any proceedings of the adverse party to enforce the award shall be made as may be deemed necessary. Upon the granting of an order confirming, modifying or correcting an award, a judgment or decree shall be entered in conformity therewith by the court or judge granting the order."

denial of [the] . . . motion for joinder." *Franco* v. *East Shore Development, Inc.*, supra, 73 Conn. App. 304–305.

Laurel Woods appealed to the Appellate Court, which, with one judge dissenting, affirmed the trial court's denial of the motion for joinder. The Appellate Court noted, first, that, "although Laurel Woods has appealed only from the court's denial of its motion to join as a party, the original motion was both a motion to join and to confirm the award. In view of that combination, it is evident that Laurel Woods' ultimate goal was to join the case as a party and then to argue the motion to confirm the award in the hope of protecting the award it had been assigned. In light of that goal, [the Appellate Court] focus[ed] on Laurel Woods' ability to participate in the confirmation proceedings in deciding whether the [trial] court properly denied the motion for joinder because if Laurel Woods could not properly participate in those proceedings, then granting the motion for joinder for the purpose of arguing the motion to confirm would be improper." Id., 306–307.

The Appellate Court then reviewed the language of § 52-417, which governs the judicial confirmation of arbitration awards, and concluded that, under § 52-417, only "a party to the arbitration" may seek to confirm an arbitration award. Id., 307. On the basis of its interpretation of § 52-417, the Appellate Court further concluded that, "the [trial] court's decision denying the motion for joinder was correct because Laurel Woods was not a 'party,' as defined by § 52-417, and therefore did not have the right to seek to confirm the arbitration award." Id., 311. The Appellate Court acknowledged the "harsh result [of its] decision . . . on Laurel Woods"; id., 313; but nevertheless concluded that that result was mandated "on the basis of controlling arbitration statutes and law . . . ." Id.

Chief Judge Lavery dissented from the majority opinion of the Appellate Court. See generally id., 315–18

(*Lavery, C. J.*, dissenting). Treating the motion to join the confirmation proceeding as a motion to intervene pursuant to General Statutes § 52-107,[6] Chief Judge Lavery first noted his disagreement with the underlying assumption of the Appellate Court majority, namely, "that . . . for an individual or entity to intervene in an action, it must have the standing necessary to have brought the original action itself."[7] Id., 315 (*Lavery, C. J.*, dissenting). Although Chief Judge Lavery "agree[d] with the majority's determination that Laurel Woods, as a nonparty to the [arbitration] . . . could not apply to the court pursuant to . . . § 52-417 for an order confirming the arbitrator's award"; id. (*Lavery, C. J.*, dissenting); he "differ[ed] . . . as to the relevance of that determination to the disposition of Laurel Woods' motion to intervene." Id., 315–16 (*Lavery, C. J.*, dissenting). Specifically, Chief Judge Lavery concluded that, "[t]o support intervention, a prospective intervenor must show that it has some legally protected inter-

---

[6] General Statutes § 52-107 provides in relevant part: "If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

[7] We note that the Appellate Court majority also recognized that the motion for joinder was, in effect, a motion to intervene. See *Franco* v. *East Shore Development, Inc.*, supra, 73 Conn. App. 312 (stating that trial court "correctly denied the *motion to intervene* because Laurel Woods could not properly participate in the motion to confirm the award" [emphasis added]). As Chief Judge Lavery explained in his dissent, "[a]lthough . . . [the motion was] captioned . . . as one for joinder, its substance is that of a motion to intervene. '[I]ntervention is a proceeding by which a person, not originally a party to an action, is permitted to and does become a party to the pending proceeding for the protection of some right or interest alleged by him to be affected by the proceeding . . . . "Joinder" is a method by which one may be compelled to become a party, whereas "intervention" is a method by which an outsider with an interest in a lawsuit may come in as a party on his or her application.' 59 Am. Jur. 2d 579, Parties § 161 (2002). Where a party captions its motion improperly, 'we look to the substance of the claim rather than the form.' . . . *Dyck O'Neal, Inc.* v. *Wynne*, 56 Conn. App. 161, 164, 742 A.2d 393 (1999); see *In re Brianna F.*, 50 Conn. App. 805, 812, 719 A.2d 478 (1998)." *Franco* v. *East Shore Development, Inc.*, supra, 316 n.1 (*Lavery, C. J.*, dissenting). We also treat the motion for joinder at issue in the present case as a motion to intervene.

est in the subject matter of the litigation. 59 Am. Jur. 2d 594–95, Parties § 176 (2002). 'A proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment.' *Washington Trust Co.* v. *Smith*, 241 Conn. 734, 747, 699 A.2d 73 (1997).

"Nonetheless, there is no requirement that a prospective intervenor, in its motion to intervene, assert the *same* claim as the plaintiff in the original action. . . . '[S]uch a restriction on intervention finds no support . . . in common sense. The whole point of intervention is to allow the participation of persons with interests distinct from those of the original parties; it is therefore to be expected that an intervenor's standing will have a somewhat different basis from that of the original plaintiffs.' . . . [*State Board of Education* v. *Waterbury*, 21 Conn. App. 67, 75, 571 A.2d 148 (1990)].

" 'To hold otherwise would be to conclude that an intervenor must allege the exact issues as those alleged by the original plaintiffs, and would, therefore, be in direct opposition to and in contradiction with the requirement that in order for intervention to be warranted, the prospective plaintiffs must show that their rights are not adequately represented by the present parties. . . .' Id., 75–76 . . . . Therefore, the fact that Laurel Woods could not join East Shore in the motion to confirm the arbitration award should not have been fatal to Laurel Woods' attempt to intervene in the confirmation proceedings." (Citations omitted; emphasis in original.) *Franco* v. *East Shore Development, Inc.*, supra, 73 Conn. App. 316–17 (*Lavery, C. J.*, dissenting).

For the reasons set forth by Chief Judge Lavery in his dissent, we conclude that Laurel Woods was entitled

to intervene in the trial court proceeding. We see no reason why § 52-417 bars Laurel Woods from intervening in the pending confirmation proceeding. Although § 52-417 does not address the issue of intervention, § 52-107[8] does.

"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. . . . It must be kept in mind, however, that the rules of intervention should be liberally construed, in order to avoid multiplicity of suits and settle all related controversies in one action. . . . A proposed intervenor must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervenor has a direct and immediate interest that will be affected by the judgment." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 838–39, 826 A.2d 1102 (2003); see also *Horton* v. *Meskill*, 187 Conn. 187, 195, 445 A.2d 579 (1982) ("[a]n applicant for intervention has a right to intervene . . . whe[n] the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment" [internal quotation marks omitted]). In light of Laurel Woods' status as assignee of East Shore's right, title and interest in the arbitration award, Laurel Woods had a direct and immediate interest in that award sufficient to warrant its intervention in the confirmation proceeding under § 52-107 as a matter of right.[9]

---

[8] See footnote 6 of this opinion.

[9] We note that Laurel Woods reasonably cannot rely on East Shore to seek confirmation of the arbitration award because, as we have indicated, Franco now owns a controlling interest in East Shore.

Contrary to the conclusion of the Appellate Court, Laurel Woods' intervention in the pending confirmation proceeding is neither inconsistent with § 52-417 nor unfair to Franco.[10] Although § 52-417 permits a "party" to an arbitration *to apply for an order confirming an arbitration award,* there is nothing in the language of § 52-417 to suggest that a nonparty to the arbitration is prohibited from *intervening in a pending confirmation proceeding* in accordance with § 52-107. In other words, in the absence of any indication that § 52-417 was intended to supersede or to nullify § 52-107, we read the two provisions to give both of them effect. See, e.g., *Stern* v. *Allied Van Lines, Inc.,* 246 Conn. 170, 179, 717 A.2d 195 (1998) (we construe statutes to avoid "conflict that would result in a nullification of one by the other" [internal quotation marks omitted]).

Moreover, as the Appellate Court itself observed, "Laurel Woods, as an assignee . . . may pursue the arbitration award in a common-law contract action. See *Spearhead Construction Corp.* v. *Bianco,* 39 Conn. App. 122, 130, 132, 665 A.2d 86 (procedures in [General Statutes] §§ 52-417 to 52-419 are not the exclusive means for judicial enforcement of an arbitration award and [i]n the absence of a motion to confirm the award, the parties would be left to their common law remedies), cert. denied, 235 Conn. 928, 667 A.2d 554 (1995)." (Internal quotation marks omitted.) *Franco* v. *East Shore*

---

[10] The Appellate Court concluded that "allowing [Laurel Woods] to join the matter solely for [the] purpose [of participating in the confirmation proceeding] would be improper. In essence, that would allow Laurel Woods to circumvent [§ 52-417] . . . and to participate in a confirmation proceeding to which it is not a proper party." *Franco* v. *East Shore Development, Inc.,* supra, 73 Conn. App. 311–12 n.7. The Appellate Court further concluded that allowing Laurel Woods to intervene in the confirmation proceeding "would be unfair to Franco in light of the underlying agreement because Franco would then have to defend against the motion to confirm and would be forced into an adversarial relationship with Laurel Woods, a party with which he had not entered into the arbitration agreement and which has no rights under that agreement." Id.

*Development, Inc.*, supra, 73 Conn. App. 314. The fact that a nonparty to an arbitration agreement may commence a common-law action to enforce an arbitration award undermines the Appellate Court's assertion that it would be "unfair to [allow] Franco . . . [to] be forced into an adversarial relationship with Laurel Woods"; id., 311–12 n.7; a nonparty to the arbitration agreement, by allowing Laurel Woods to intervene in the confirmation proceeding. See footnote 10 of this opinion. Because Laurel Woods would be entitled to pursue its interest in the arbitration award in a common-law action against Franco, it reasonably cannot be maintained that it is unfair to allow Laurel Woods to raise that same claim in the pending confirmation proceeding. Under the circumstances presented, however, to require Laurel Woods to initiate a separate common-law action to confirm the arbitration award would be inconsistent with "the essential purpose of arbitration, namely, to avoid the expense and delay of litigation"; *New England Pipe Corp.* v. *Northeast Corridor Foundation*, 271 Conn. 329, 337, 857 A.2d 348 (2004); and with the related purpose of our intervention rules, namely, "to avoid multiplicity of suits and settle all related controversies in one action." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, supra, 264 Conn. 839.

We conclude, therefore, that § 52-417 does not bar Laurel Woods from intervening in the confirmation proceeding. We further conclude that Laurel Woods is entitled to intervene in that proceeding pursuant to § 52-107.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the trial court's denial of the motion to join Laurel Woods as a party to the confirmation proceeding and to remand the case to that court with direction to grant that motion.

In this opinion the other justices concurred.