******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ARMAND CUOZZO *v.* TOWN OF ORANGE
(SC 19274)

Rogers, C. J., and Palmer, Zarella, Eveleigh, Espinosa, Robinson and Vertefeuille, Js.

*Argued December 9, 2014—officially released March 3, 2015*

*Mark A. Perkins*, for the appellant (defendant).

*Karen E. Souza*, for the appellee (plaintiff).

*Opinion*

ROGERS, C. J. The dispositive issue in this case is whether the trial court utilized the proper procedure for deciding a motion to dismiss for lack of subject matter jurisdiction when a jurisdictional fact is disputed by the parties. The defendant, the town of Orange, appeals from the Appellate Court's judgment reversing the trial court's dismissal of the complaint of the plaintiff, Armand Cuozzo, for lack of subject matter jurisdiction. See *Cuozzo* v. *Orange*, 147 Conn. App. 148, 150, 82 A.3d 647 (2013). The defendant claims that the Appellate Court improperly reversed the trial court's judgment because it lacked subject matter jurisdiction due to the plaintiff's failure to provide timely notice of its action under the municipal highway defect statute, General Statutes § 13a-149.[1] We conclude that a factual dispute regarding jurisdiction remains unresolved at this stage of the proceedings, which renders consideration of the defendant's argument premature. We therefore affirm the Appellate Court's judgment.

The record reveals the following facts and procedural history. The plaintiff originally commenced this action in November, 2011, and thereafter filed an amended revised complaint dated February 3, 2012. In his complaint, the plaintiff alleged that on July 31, 2008, he was a business invitee on certain property located at 2 Boston Post Road in Orange. This property, the plaintiff averred, was owned and "controlled, maintained, managed, operated and/or supervised by the defendant . . . its agents, servants and/or employees." The property abutted Meloy Road, a public highway in Orange, and was connected to Meloy Road by "an entrance/exit driveway which intersected . . . Meloy Road." The plaintiff alleged that this driveway was also "controlled, maintained, managed, operated and/or supervised by the defendant . . . its agents, servants and/or employees." The plaintiff alleged further that, as he drove his car on the entrance/exit driveway, his car "suddenly and without warning came into contact" with a "pothole [that was] approximately two feet in diameter, which was situated [approximately] three feet . . . from [the driveway's intersection] with Meloy Road" and that the pothole constituted a "defective, dangerous and unsafe condition," which had existed in the driveway for a sufficient period of time prior to this event, and that the defendant should have known of its presence and fixed it. According to the plaintiff, as a result of hitting the pothole, he suffered personal injury and damages that were "caused by the negligence and carelessness of the defendant . . . its agents, servants and/or employees," who, inter alia, "allowed and permitted the . . . condition to exist . . . allowed and permitted individuals to operate motor vehicles upon said driveway [knowing] . . . of the existence of [the pothole] . . . failed to properly inspect [the] property, including

the . . . driveway . . . failed to properly repair and/ or remedy the . . . dangerous and unsafe condition . . . and failed to [take] reasonable measures . . . to prevent vehicles from coming into contact with [the pothole] . . . ." The plaintiff sought recovery for his injuries and damages under General Statutes § 52-557n.[2]

The defendant responded by filing a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction over the plaintiff's claim pursuant to Practice Book § 10-33.[3] Specifically, the defendant alleged that the plaintiff's claim involved a public road and thus fell within the purview of § 13a-149, not § 52-557n. The defendant contended that, because the plaintiff had failed to comply with the notice requirement contained in § 13a-149; see footnote 1 of this opinion; the action should be dismissed. In support of its motion, the defendant submitted an affidavit from Pat O'Sullivan, its town clerk. O'Sullivan attested that the defendant did not receive notice of the plaintiff's action within the ninety day period after the plaintiff's accident. The defendant also asserted alternatively that the plaintiff's action was not timely because it was not brought within the applicable statute of limitations.

In response to the defendant's motion to dismiss, the plaintiff submitted a memorandum of law in which he contended that the court did have subject matter jurisdiction. The plaintiff claimed that the driveway itself was not a public road but rather, a private driveway; and because § 13a-149 applies only to public thoroughfares, the statute was inapplicable to his claim. In support of this memorandum, the plaintiff submitted an affidavit in which he declared, inter alia, that his accident involving the pothole occurred on "[a] private driveway that exclusively leads to the Wal-Mart Plaza, which includes Sam's Club." The plaintiff thus urged the court to deny the defendant's motion to dismiss on its merits, claiming that the action could properly proceed under § 52-557n.

Thereafter, the defendant filed a reply to the plaintiff's objection to the motion to dismiss. The defendant alleged that the plaintiff's claim was subject to § 13a-149 because the pothole was "close enough to the travel portion of the roadway to constitute a highway defect," and that "[i]f . . . the [defendant] owned the driveway that intersected with Meloy Road, it is foreseeable that individuals will use the driveway to access the road." In the alternative, the defendant alleged that the plaintiff's claim was barred under § 52-557n because the defendant's alleged negligence comprised a discretionary act to which statutory immunity attached. The defendant submitted no affidavits or evidence regarding whether the driveway was one on which the public was invited or expected to traverse or how close the pothole actually was to the public road.

The trial court conducted a hearing on the motion to dismiss at which it heard argument concerning the

motion but was not presented with evidence other than from the affidavits that had been submitted. The court first found that its subject matter jurisdiction was implicated by the plaintiff's failure to notify the defendant of his action under § 13a-149 and, therefore, was a proper subject of a motion to dismiss. The court granted the defendant's motion to dismiss, concluding that, "based on the plaintiff's own allegations, the driveway where the alleged accident occurred was on property owned by the defendant town, connecting a public road to another town owned property. Based on these claims, it is reasonable to anticipate that the public would make use of the driveway. As a matter of law, therefore, the facts alleged in the plaintiff's complaint amount to a highway defect, and necessarily invoke . . . § 13a-149 as the exclusive remedy. Because the plaintiff failed to provide proper notice to the defendant within ninety days of the alleged accident, this court lacks subject matter jurisdiction over this action."[4]

The plaintiff appealed to the Appellate Court claiming that because he did not assert his claim under § 13a-149, the trial court should not have found that the defendant could raise its jurisdictional argument regarding § 13a-149 in a motion to dismiss. *Cuozzo* v. *Orange*, supra, 147 Conn. App. 153. The plaintiff further contested the trial court's determination that his claim was subject to § 13a-149 and not § 52-557n because, as he asserted in his affidavit, his injury occurred on a private driveway that, although owned and maintained by the defendant, was not a public road for purposes of the highway defect statute. Id., 157. The Appellate Court noted that, while the plaintiff "[c]ertainly . . . is bound by the facts alleged in his pleadings concerning the nature of the area in question . . . [w]here . . . the motion [to dismiss] is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Footnote omitted; internal quotation marks omitted.) Id., 162–63. The Appellate Court further clarified that "[a]lthough common sense assumptions regarding certain retail outlets might appear to dictate that the driveway at issue, connecting a municipal highway to a shopping center on municipally owned property, typically is open for public travel generally," the court would "not presume that an area is a public highway absent a sufficient showing." Id., 163–64. Thus, it concluded, "the facts, as alleged in the complaint and found in the affidavits submitted by the parties, [were] insufficient to support the necessary determination that the public would normally or reasonably be expected to make use of the entrance/exit driveway in the ordinary course of travel." (Internal quotation marks omitted.) Id., 162. The Appellate Court reversed the judgment of the trial court on the ground that "[t]he facts in the record, viewed in the light most

favorable to the plaintiff, do not support a determination that the driveway at issue has a public character such that it falls within the ambit of § 13a-149." Id., 164. We thereafter granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly determine that the trial court should not have dismissed the plaintiff's complaint for lack of subject matter jurisdiction on the ground that the plaintiff failed to provide timely notice under . . . § 13a-149?" *Cuozzo* v. *Orange,* 311 Conn. 914, 84 A.3d 881 (2014).

We first set forth the applicable standard of review and general principles of law. "The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-30][5] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Footnote omitted; internal quotation marks omitted.) *Dorry* v. *Garden,* 313 Conn. 516, 521, 98 A.3d 55 (2014).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book § 10-30] may encounter different situations, depending on the status of the record in the case. . . . [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (Footnote omitted; internal quotation marks omitted.) *Conboy* v. *State,* 292 Conn. 642, 650–51, 974 A.2d 669 (2009). "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Dorry* v. *Garden,* supra, 313 Conn. 522.

"In contrast, if the complaint is supplemented by *undisputed* facts established by affidavits submitted in support of the motion to dismiss . . . other types of undisputed evidence . . . and/or public records of which judicial notice may be taken . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. . . .

"Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. *Gordon* v. *H.N.S. Management Co.*, 272 Conn. 81, 92, 861 A.2d 1160 (2004) ([w]hen issues of fact are necessary to the determination of a court's jurisdiction . . . due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses . . . ); *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003) (same). Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. *Lampasona* v. *Jacobs*, 209 Conn. 724, 728, 553 A.2d 175 (1989) ([i]n some cases . . . it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear), cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989)." (Citations omitted; emphasis added; internal quotation marks omitted.) *Dorry* v. *Garden*, supra, 313 Conn. 522–24. "When the jurisdictional facts are intertwined with the merits of the case, the court may in its discretion choose to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, a full trial on the merits has occurred." *Conboy* v. *State*, supra, 292 Conn. 653 n.16. In that situation, "[a]n evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Internal quotation marks omitted.) Id., 653–54.

In the present case, the defendant claims that, as a matter of law, the driveway on which the plaintiff's accident occurred involved a public road that the defendant maintained for purposes of § 13a-149 because of either the driveway's proximity to Meloy Road or the likelihood that the driveway would be used to access Meloy Road. We cannot agree based upon the scant factual record before us. "The plain meaning of the word highway is [a] main road or thoroughfare; hence, a road or way *open to the use of the public.* . . . It is thus that this court has customarily understood the word. [This court has] stated, for example, that the essential feature of a highway is that every traveler has an equal right in it with every other traveler. . . . [T]he term highway is ordinarily used in contradistinction to a private way, over which only a limited number of persons have the right to pass." (Citations omitted; emphasis added; internal quotation marks omitted.) *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 485, 362 A.2d 785 (1975).

In the present case, a factual dispute remains as to whether the driveway is indeed public, thereby invoking § 13a-149 and its procedural requirements, or whether it is a private thoroughfare on which the public is neither encouraged nor anticipated to traverse; see *Kozlowski* v. *Commissioner of Transportation*, 274 Conn. 497, 505, 876 A.2d 1148 (2005); see also *New Haven* v. *United Illuminating Co.*, supra, 168 Conn. 485; in which case § 52-557n is the governing statute. This is a critical fact, the determination of which will resolve the trial court's jurisdiction in this case. Additionally, "[w]hether there is a defect in such proximity to the highway so as to be considered in, upon, or near the traveled path of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact . . . which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier." (Internal quotation marks omitted.) *Serrano* v. *Burns*, 248 Conn. 419, 426, 727 A.2d 1276 (1999). In the absence of these factual findings by the trial court, we cannot address whether the plaintiff's claim falls within the purview of § 13a-149 or § 52-557n. This issue thus necessitates the trial court to conduct an evidentiary hearing, or "to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, a full trial on the merits has occurred." *Conboy* v. *State*, supra, 292 Conn. 653 n.16. We thus conclude that the Appellate Court properly reversed the trial court's decision to dismiss the plaintiff's action.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town . . . unless written notice

of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . ."

This court has long recognized that § 13a-149 applies to publicly traversed roadways. "[T]o establish liability [under § 13a-149], the plaintiff ha[s] the burden of proving (1) the existence of a defect which resulted from the failure of the defendant to use reasonable care to keep the . . . [highways] within its control in a reasonably safe condition for *public travel*; (2) notice, either actual or constructive, to the defendant of the defect; and (3) the exercise by him of due care." (Emphasis added; internal quotation marks omitted.) *Steele* v. *Stonington*, 225 Conn. 217, 220–21, 622 A.2d 551 (1993). This court has never, however, considered whether § 13a-149 applies to roads that are controlled by a municipality but are restricted to purely private use. In the present case, the defendant assumes that a publicly owned road for solely private use is still a public road for purposes of § 13a-149; nevertheless, the defendant has not asked us to address whether there should be a distinction between private and public thoroughfares under this statute, and we need not undertake an analysis to resolve that question.

[2] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. . . ."

[3] Practice Book § 10-33 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action."

[4] The trial court did not address the defendant's statute of limitations argument in rendering its judgment dismissing the complaint.

[5] Practice Book § 10-30 provides in relevant part: "(a) A motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter . . . .

"(c) This motion shall always be filed with a supporting memorandum of law and, where appropriate, with supporting affidavits as to facts not apparent on the record."

———————————————————