ERNEST FRANCIS *v.* OFFICER CHEVAIR ET AL.[1]
(AC 27102)

McLachlan, Harper and Rogers, Js.

Argued December 11, 2006—officially released March 6, 2007

---

[1] The plaintiff, Ernest Francis, in his complaint identified the defendants by title and last name only. The defendants' full names are not otherwise apparent from the record.

*Ernest Francis*, pro se, the appellant (plaintiff).

*Matthew B. Beizer*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellees (defendants).

*Opinion*

ROGERS, J. The plaintiff, Ernest Francis, appeals from the judgment of the trial court dismissing his administrative appeal for lack of subject matter jurisdiction. The plaintiff argues that the dismissal was improper because his appeal was cognizable under the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 through 4-189. We disagree and affirm the judgment of the trial court.

The following procedural history is relevant. The plaintiff is incarcerated at the MacDougall-Walker Reception/Special Management Unit and, in early 2004, was participating in a prison work program. In May, 2004, at a classification committee hearing presided over by the defendant Chevair,[2] the plaintiff was informed that he was being discharged from his position due to two poor work reports. According to the plaintiff, his discharge was unjustified because he had received only one poor work report. Thereafter, he filed an appeal with the warden that was denied on July 8, 2004.

On October 8, 2004, the plaintiff filed an administrative appeal with the Superior Court, claiming that the court had jurisdiction to hear the matter pursuant to

[2] The plaintiff named as defendants Chevair and "R. Hutchings," who is identified in the plaintiff's brief as a prison counselor. Apparently, prior to meeting with Chevair, the plaintiff was informed by Hutchings that he was being discharged on the basis of poor work reports.

provisions of the UAPA.[3] On January 26, 2005, Chevair and the defendant R. Hutchings filed a motion to dismiss the plaintiff's appeal, arguing that it was not statutorily authorized. On January 26, 2005, the plaintiff filed an objection. After hearing argument on October 17, 2005, the court granted the defendants' motion and dismissed the action. This appeal followed.

"In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Citation omitted; internal quotation marks omitted.) *Searles* v. *Dept. of Social Services*, 96 Conn. App. 511, 513, 900 A.2d 598 (2006).

Our Supreme Court has explained that "[t]here is no absolute right of appeal to the courts from a decision of an administrative agency. . . . The UAPA grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . . Judicial review of an administrative decision is governed by General Statutes § 4-183 (a) of

---

[3] The summons and complaint bear the date of August 9, 2004, but are stamped as received by the court on October 8, 2004.

the UAPA, which provides that [a] person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . . A final decision is defined in § 4-166 (3) (A) as the agency determination in a contested case . . . .

"A contested case is defined in [General Statutes (Rev. to 2003)] § 4-166 (2) as a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . . Not every matter or issue determined by an agency qualifies for contested case status. . . . [W]e have determined that even in a case where a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his legal rights, duties or privileges determined by that agency holding the hearing . . . . In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 442–43, 870 A.2d 448 (2005).

"[A]lthough agency regulations, rules or policies may require the agency to hold a hearing, that does not constitute a matter as a contested case under [General Statutes (Rev. to 2003)] § 4-166 (2) unless the plaintiff's rights or privileges are statutorily required to be determined by the agency.[4] If the plaintiff's rights or privileges are not statutorily required to be determined by the agency, a contested case does not exist and a plaintiff would have no right to appeal pursuant to § 4-183

---

[4] It appears that the plaintiff was discharged in accordance with certain administrative directives of the department of correction. Those directives provide for a counseling session and that the inmate "be seen by classification staff." See department of correction administrative directive 10.20 (Correctional Enterprises of Connecticut), § 5E; department of correction administrative directive 9.2 (offender classification), § 15.

(a)."[5] (Internal quotation marks omitted.) Id., 444. Furthermore, a hearing that is constitutionally required, yet not explicitly mandated by the General Statutes, is not a hearing "required by state statute," as contemplated by § 4-166 (2) so as to give rise to a "contested case."[6] See *Reitzer* v. *Board of Trustees of State Colleges*, 2 Conn. App. 196, 203, 477 A.2d 129 (1984).

"To ascertain whether a statute requires an agency to determine the legal rights, privileges or duties of a party, we need to examine all the statutory provisions that govern the activities of the particular agency or agencies in question." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, supra, 273 Conn. 445. The plaintiff has not directed us to, nor are we able to locate, any statutory provision requiring that an incarcerated individual be afforded a hearing prior to being removed from a prison work assignment or prior to a reclassification decision generally.

The court dismissed the plaintiff's appeal after considering General Statutes § 18-78a, which addresses the

[5] We note that in 2004, the legislature altered the statutory definition of a contested case in § 4-166 (2) to mean "a proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute *or regulation* to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." (Emphasis added.) Public Acts 2004, No. 04-94, § 1 (P.A. 04-94). It provided further, however, that contested cases do not include "hearings conducted by the Department of Correction or the Board of Parole." P.A. 04-94, § 1. The new definition, which became effective on October 1, 2004, expressly bars appeals such as the plaintiff's.

The court did not analyze the question of whether the plaintiff's appeal was from a "contested case" with reference to this new statutory definition, and the parties have not briefed the issues of whether the applicable statutory scheme is that in effect during the time of agency action or at the time of appeal and, if the latter, whether General Statutes § 4-166 (2) was intended to apply retroactively. We need not address those questions, however, because it is clear that under either version of § 4-166 (2), the plaintiff cannot prevail.

[6] Our Supreme Court has observed that "the procedures which the UAPA requires for contested cases . . . exceed the minimal procedural safeguards mandated by the due process clause . . . ." (Citations omitted; internal quotation marks omitted.) *Taylor* v. *Robinson*, 171 Conn. 691, 698–99, 372 A.2d 102 (1976).

applicability of UAPA provisions to the department of correction. Subsection (b) of that statute provides that "[i]n cases involving disciplinary action, classifications and out-of-state transfers, the Department of Correction shall not be required to follow the procedures of sections 4-176e to 4-182, inclusive, provided all procedural safeguards are afforded at such hearings to insure due process of law." Sections 4-176e through 4-182 are the portions of the UAPA mandating the procedures to be followed by agencies in conducting hearings on contested cases. See *Taylor* v. *Robinson*, 171 Conn. 691, 695, 372 A.2d 102 (1976).

It is apparent from the foregoing that the plaintiff enjoyed no statutory right to a hearing before the classification committee. Such a hearing has not been explicitly provided for in the statutes governing the department of correction. Moreover, the clear import of § 18-78a (b) is that a prisoner, when subject to a particular disciplinary action, classification decision or out-of-state transfer, is entitled to whatever procedures are constitutionally required but, nevertheless, does not have the right to the type of legislatively mandated hearing contemplated by the UAPA. The plaintiff's appeal from the decision of the classification committee, therefore, is not from a "contested case" as defined by § 4-166 (2). Accordingly, the court lacked jurisdiction to hear the appeal under § 4-183.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The plaintiff argues, in essence, that he should have the right to appeal under the UAPA because procedural safeguards were not followed at the hearing he received. Even if we assume he had a "legal right or privilege in continued employment . . . and even if that right or privilege was terminated in a deficient proceeding before the [classification committee], the plaintiff still cannot prevail [in an administrative appeal] unless the defendants were statutorily required to determine the plaintiff's legal right or privilege to his continued employment in a hearing." *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 700–701, 620 A.2d 780 (1993). As we have concluded, they were not.