FIRST MERCHANTS GROUP LIMITED PARTNERSHIP
*v.* HARRIET FORDHAM
(AC 31058)

Flynn, C. J., and Alvord and West, Js.*

Argued March 18—officially released May 11, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Jenna N. Sternberg*, for the appellant (plaintiff).

*Paul W. Orth*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, First Merchants Group Limited Partnership, appeals from the judgment of the trial court dismissing its action for a declaratory judgment against the defendant, Harriet Fordham. On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction to determine whether an arbitrator's decision issued on February 23, 2007, was a final award that had resolved fully the rights of the parties as set forth in their arbitration agreement. We reverse the judgment of the trial court.

The following facts, as alleged or necessarily implied from the complaint, are relevant to our resolution of the plaintiff's appeal. See *May* v. *Coffey*, 291 Conn. 106, 108, 967 A.2d 495 (2009) (in reviewing "the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader" [internal quotation marks omitted]). We also recognize that a motion to dismiss "invokes any record that accompanies the motion, including supporting affidavits that contain *undisputed* facts." (Emphasis added; internal quotation marks omitted.) *Tellar* v. *Abbott Laboratories, Inc.*, 114 Conn. App. 244, 246, 969 A.2d 210 (2009).

The complaint alleged that the plaintiff and the defendant were the sole members of a limited liability company. The parties' operating agreement dated January 25, 2002, as amended, provided that any disputes between them were to be settled by arbitration. On October 27, 2006, the defendant filed a demand for arbitration in connection with certain disputed issues arising out of the operating agreement. The plaintiff filed an answering statement dated November 14, 2006. Subsequently, the plaintiff and the defendant signed a "[m]emorandum of [u]nderstanding as to [a]rbitration" dated December 12, 2006.[1] Less than two weeks later, the arbitrator prepared a letter dated December 21, 2006, setting forth the terms under which the arbitration was to proceed.[2] Thereafter, substantial materials were submitted to the arbitrator, who issued a decision on February 23, 2007, "disposing of all of the issues submitted to her pursuant to the . . . December 21, 2006 [letter]." No party filed an application to amend, vacate or confirm the award with the Superior Court.

Subsequent to the February 23, 2007 decision, the defendant continued to serve the arbitrator with additional pleadings, seeking relief related to the February 23, 2007 decision and seeking relief for issues that arose after the decision was issued. By correspondence dated February 19, 2008, which was almost one year after the issuance of the decision, the arbitrator suggested for the first time that her decision of February 23, 2007, was not a final award.[3] In the plaintiff's prayer for relief,

[1] The "[m]emorandum of [u]nderstanding as to [a]rbitration" was signed by the plaintiff and the defendant, but not the arbitrator.

[2] The letter prepared by the arbitrator was signed by the arbitrator, and counsel for the plaintiff and for the defendant.

[3] The arbitrator's e-mail correspondence to the parties stated in relevant part that "it is not clear that all claims for relief have been finalized. Therefore, the [a]rbitrator does not believe that the [a]rbitration is closed. I will circulate the full opinion shortly." The plaintiff claims that the arbitrator never issued the formal order referenced in this correspondence.

the plaintiff requested a judgment determining whether the February 23, 2007 decision was a final award that had resolved fully the rights of the parties as set forth in the memorandum of agreement with the arbitrator dated December 21, 2006.

The defendant filed a motion to dismiss the plaintiff's declaratory judgment action on February 19, 2009, claiming that the court lacked subject matter jurisdiction because the arbitrator had not concluded the arbitration proceeding. The plaintiff filed a memorandum of law in opposition to the defendant's motion on March 23, 2009. No evidentiary hearing was held. On April 28, 2009, the court issued its memorandum of decision. After noting that the defendant claimed that the decision was not final because the arbitrator had not yet received evidence as to the amount of attorney's fees due from the plaintiff to the defendant, the court first noted that "the submission to the arbitrator" included the defendant's demand for attorney's fees. The court further noted that the arbitrator, in her correspondence to the parties dated February 19, 2008, stated that the arbitration proceeding had not closed. The court then concluded as follows: "Even though a long period of time has passed, the plaintiff has failed to contradict the arbitrator's conclusion. Therefore, no final award on the merits has been rendered and any right to an appeal has not matured."[4] The court granted the defendant's motion to dismiss on that basis, and this appeal followed.[5]

---

[4] As noted by the plaintiff, however, the action before the trial court was not an appeal from the arbitrator's determinations in her February 23, 2007 decision. Rather, the plaintiff was requesting a ruling from the court as to whether that decision was final. We believe that this is an important distinction.

[5] We note that we have jurisdiction to hear this appeal regardless of whether the trial court had jurisdiction over the plaintiff's declaratory judgment action. See *Gemmell* v. *Lee*, 42 Conn. App. 682, 684 n.3, 680 A.2d 346 (1996) (appellate court has jurisdiction to determine whether trial court had subject matter jurisdiction).

"In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary. A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) *Francis* v. *Chevair*, 99 Conn. App. 789, 791, 916 A.2d 86, cert. denied, 283 Conn. 901, 926 A.2d 669 (2007).

In the present case, the plaintiff commenced a declaratory judgment action under General Statutes § 52-29 in accordance with the provisions of Practice Book § 17-54 et seq. Section 52-29 (a) provides: "The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment." In her motion to dismiss, the defendant did not claim that the court could not hear and determine cases seeking declaratory relief, nor did she claim that the plaintiff failed to abide by the procedural requirements in commencing such an action. Instead, the defendant claimed that the court could not hear the matter because the arbitrator had not issued a final award.[6]

The court, in concluding that the arbitration decision was not final, addressed the very issue that the plaintiff

---

[6] If the plaintiff's action had been brought to confirm, vacate or modify the arbitration award pursuant to General Statutes §§ 52-417, 52-418 or 52-419, the lack of a final judgment would have been a ground for dismissing the action. See *Naugatuck* v. *AFSCME, Council #4, Local 1303*, 190 Conn. 323, 460 A.2d 1285 (1983).

sought to have adjudicated by way of a declaratory ruling.[7] The plaintiff claimed that the February 23, 2007 decision was a final award;[8] the defendant claimed that the February 23, 2007 decision was an interim award[9] and that the arbitrator had not completed the arbitration proceeding. The court then determined the issue of the

[7] We note that during the oral argument before the trial court on the motion to dismiss, the court stated: "But the—but the subject matter jurisdiction that you raise is based on the very underlying point which the action for declaratory judgment seeks to resolve." The court also asked the defendant's counsel what issues remained to be determined by the arbitrator. Although counsel assured the court that there were outstanding claims, the only specific claim he mentioned was that of attorney's fees. In the arbitrator's February 23, 2007 decision, she stated that "the fees and costs of this proceeding shall be borne by [the plaintiff]," but she did not indicate the amount of those fees and costs.

It would appear that the award of attorney's fees is the primary concern of the parties. At oral argument before this court, counsel for the plaintiff and the defendant acknowledged that the defendant is represented by three different firms and that her attorney's fees at this time, solely related to this arbitration, are between $650,000 and $700,000. One of the defendant's attorneys is Laurence Fordham, the defendant's spouse. According to the defendant's appellate counsel, attorney Fordham's services comprise 50 percent of the time billed to the defendant in this case.

Although the parties' arbitration proceeding commenced in December, 2006, the defendant claims that the arbitration has not concluded even though more than three years have passed. She claims that the "second phase" of the arbitration will determine the amount of the attorney's fees, even though no date for that "second phase" determination had been scheduled as of the time of oral argument before this court. This unusual delay is contrary to the primary goal of arbitration, which is to provide "[the] efficient, economical and expeditious resolution of private disputes." (Internal quotation marks omitted.) *Comprehensive Orthopaedics & Musculoskeletal Care, LLC* v. *Axtmayer*, 293 Conn. 748, 760–61, 980 A.2d 297 (2009).

[8] The plaintiff's position is that the arbitrator had no further authority over the matter if the February 23, 2007 decision was a final award and that all subsequent rulings by her had no legal effect. See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 271 Conn. 474, 484, 857 A.2d 893 (2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005).

[9] The February 23, 2007 decision is captioned "Arbitration Decision." Although it is not captioned "Award" or "Final Award," we note that the document is *not* captioned "Interim Decision." Moreover, the arbitrator's decision does not indicate that further proceedings would be held to resolve any additional claims or issues.

finality of the award on a pretrial motion to dismiss, without an evidentiary hearing.

In order for the court to grant a motion to dismiss in the absence of an evidentiary hearing, the facts would have had to have been undisputed. That is not the situation in the present case. The understanding of the parties as to the procedures to be followed by the arbitrator in determining the claims submitted to her is a hotly contested issue. The plaintiff claims that the December 21, 2006 letter that had been drafted by the arbitrator and signed by the arbitrator, and counsel for the plaintiff and for the defendant, is the operative document. The defendant claims that the memorandum of understanding dated December 12, 2006, which was not signed by the arbitrator and which is edited with strike-outs, conclusively provides that the arbitration was to proceed in stages. The December 21, 2006 letter does not reference the December 12, 2006 memorandum of understanding. Additionally, the record reflects that there may have been correspondence between the parties after December 12, 2006, and before December 21, 2006.[10] We do not know what, if any, additional documents are a part of the agreement.[11] The parties, in their appellate briefs or during oral argument, have indicated the existence of additional correspondence between the parties after December 21, 2006, and have represented that they participated in conference calls. The trial court and this court, however, have no evidence as to the contents of those documents, the relationship between and among the documents or what transpired during the conference calls.

---

[10] A copy of a facsimile transmission dated December 15, 2006, from the defendant's counsel to the arbitrator and the plaintiff's counsel, is included in the plaintiff's appendix.

[11] We have no exhibits because there was no evidentiary hearing. All of the documents referenced in this opinion were attached to the motion to dismiss, the opposition to the motion to dismiss or the appellate briefs. Notably, we do not have copies of the parties' operating agreement, which contains the arbitration clause, or the plaintiff's answering statement to the defendant's claim for arbitration.

From our review of the record, including the pleadings, transcript and briefs, we conclude that the court improperly determined that it lacked subject matter jurisdiction over the plaintiff's declaratory judgment action on the ground that the arbitrator had not completed the arbitration proceeding. We reach this conclusion for the following reasons. First, the court determined that it lacked subject matter jurisdiction even though it clearly had the power to hear and determine declaratory judgment actions. Even if the February 23, 2007 decision is not final, that does not affect the court's ability to judicially declare whether it is a final award or an interim decision. The lack of a final award would be significant only if the parties were attempting to affirm or vacate the decision; see *Naugatuck* v. *AFSCME, Council #4, Local 1303*, 190 Conn. 323, 460 A.2d 1285 (1983); which is not the situation here.

Second, whether the February 23, 2007 decision was a final award could not have been determined on the record before the court. The operating agreement, which, as the parties represent, contains the arbitration clause governing the disputes between the parties, is not part of the record. It also has been represented that the Commercial Arbitration Rules of the American Arbitration Association govern the arbitration to the extent that the parties' *agreement* fails to do so. The problem is, however, that the parties' *agreement* must be determined by their intent. Whether the provisions of the December 12, 2006 memorandum of understanding supplemented the arbitrator's letter of December 21, 2006, or were superseded by the letter of December 21, 2006, is an issue that needs to be resolved. The understanding of the parties is fact bound, and the facts are disputed. When facts are disputed, the court is required to hold an evidentiary hearing before ruling on a motion to dismiss. "When issues of fact are necessary to the determination of a court's jurisdiction, due

process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003).

Third, the fact that the arbitrator, almost one year after she issued the February 23, 2007 decision, opined in an e-mail that she did not believe that the arbitration proceeding had concluded, should not have been determinative for the trial court. The December 21, 2006 letter, signed by the arbitrator and the parties, indicated that "[t]he [a]rbitrator's decision will be final" and that the arbitrator, "in her sole discretion [would] entertain a motion for clarification or further articulation of the issues raised in the parties' briefs." By letter dated March 15, 2007, the defendant *did* timely request a correction, a clarification and an application for the specific award of attorney's fees. The March 15, 2007 letter indicated that the defendant's request implicated rule 46 of the American Arbitration Association for modification of awards, requiring that the plaintiff be given ten days to respond.[12] That rule, however, also *requires* the arbitrator to provide her response within a twenty day period. From the record we have, there was no response by the arbitrator within that time period. If the arbitrator lost her authority over the parties' arbitration at that time,[13] her position that the matter was not

[12] Rule 46 of the Commercial Arbitration Rules of the American Arbitration Association provides: "Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator, through the [American Arbitration Association], to correct any clerical, typographical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the [American Arbitration Association] to the arbitrator of the request and any response thereto."

[13] We do not, however, make that determination in this opinion because of the insufficiency of the record.

complete, sent via e-mail nearly one year later, would not be binding on a court. Furthermore, even though the arbitrator was noticed as an interested party in this declaratory judgment action, she has chosen not to participate. We, therefore, are left to speculate as to the reasons behind her continued involvement in the arbitration after her February 23, 2007 decision.

Accordingly, we conclude that the court improperly granted the defendant's motion to dismiss without an evidentiary hearing when material issues were disputed.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.