# FIRST MERCHANTS GROUP LIMITED PARTNERSHIP
## *v.* HARRIET FORDHAM
### (AC 33096)

DiPentima, C. J., and Robinson and Lavery, Js.

Argued May 21—officially released September 25, 2012

*Jenna N. Sternberg,* for the appellant (plaintiff).

*Laurence S. Fordham,* pro hac vice, with whom was *Paul H. D. Stoughton,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, First Merchants Group Limited Partnership, appeals from the decision of the trial court remanding the case to an arbitrator for further findings after denying summary judgment in a declaratory judgment action in which the primary issue was whether the arbitration had ended. The plaintiff claims that once the court denied summary judgment on whether the arbitration had ended, it lacked authority to send any issues back to the arbitrator without first hearing evidence and deciding the merits of the declaratory judgment action. We agree and reverse the judgment of the trial court.

This is the second time this case is before us on appeal. We first adjudicated similar issues in *First Merchants Group Ltd. Partnership* v. *Fordham,* 121 Conn. App. 135, 994 A.2d 289 (2010). Our decision in that appeal laid out the relevant facts and procedural history. In that case, we reversed the trial court's dismissal, on the basis of the lack of subject matter jurisdiction, of the plaintiff's declaratory judgment action. The complaint alleged that the plaintiff, First Merchants Group Limited Partnership, and the defendant, Harriet Fordham, were the sole members of a limited liability company. The parties' amended operating agreement, dated January 25, 2002, provided that any disputes between

them were to be settled by arbitration. In October, 2006, the defendant filed a demand for arbitration in connection with certain disputed issues arising out of the operating agreement. The plaintiff filed an answering statement the following month. Subsequently, the plaintiff and the defendant signed a " '[m]emorandum of [u]nderstanding as to [a]rbitration' " dated December 12, 2006.[1] Id., 137. Less than two weeks later, the arbitrator prepared a letter dated December 21, 2006, setting forth the terms under which the arbitration was to proceed.[2] Thereafter, both parties submitted substantial materials to the arbitrator, who issued a decision on February 23, 2007, "disposing of all of the issues submitted to her pursuant to the . . . December 21, 2006 [letter]." (Internal quotation marks omitted.) Id. No party filed an application with the Superior Court to confirm, vacate or modify the award pursuant to General Statutes §§ 52-417 through 52-420.[3] The plaintiff alleged that it made certain payments to the defendant and took other actions that purported to satisfy the arbitrator's February 23, 2007 decision.

After the arbitrator's February 23, 2007 decision, the defendant continued to serve the arbitrator with additional pleadings, seeking relief related to that decision and for issues that arose after the decision was issued. Almost one year after she had issued her decision, by correspondence dated February 19, 2008, the arbitrator suggested that her February 23, 2007 decision was not a final award.

[1] The " '[m]emorandum of [u]nderstanding as to [a]rbitration' " was signed by the plaintiff and the defendant, but not the arbitrator. *First Merchants Group Ltd. Partnership* v. *Fordham*, supra, 121 Conn. App. 137 n.1.

[2] The arbitrator's letter was signed by the arbitrator and by counsel for the plaintiff and the defendant.

[3] General Statutes §§ 52-417 through 52-420 allow any party to an arbitration to apply to the Superior Court to confirm, vacate or modify a final award of an arbitrator.

The plaintiff then commenced this declaratory judgment action under General Statutes § 52-29 in accordance with the provisions of Practice Book § 17-54 et seq. In its prayer for relief, the plaintiff requested a judgment determining whether the February 23, 2007 decision was a final award that had resolved fully the rights of the parties as set forth in the December 21, 2006 memorandum of agreement with the arbitrator. Specifically, the plaintiff contends that if the February 23, 2007 decision was a final award, the arbitrator had no further authority over the matter and all subsequent rulings by her had no legal effect. See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 271 Conn. 474, 484, 857 A.2d 893 (2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005). The defendant filed a motion to dismiss the action for lack of subject matter jurisdiction. Without holding an evidentiary hearing, the court granted the motion to dismiss. The court concluded that it lacked subject matter jurisdiction because the arbitrator, in her February 19, 2008 correspondence to the parties, had concluded that the arbitration proceeding had not yet closed.

We reversed the judgment of the court after concluding that it improperly granted the defendant's motion to dismiss without an evidentiary hearing when material issues of fact were in dispute. *First Merchants Group Ltd. Partnership* v. *Fordham*, supra, 121 Conn. App. 139–40. We expressly held that the court had jurisdiction over a declaratory action to determine whether the arbitrator's February 23, 2007 decision was an interim decision or a final award. Id., 142. We remanded the case back to the court for further proceedings according to law. Id., 144.

On remand, the defendant filed an answer to the original complaint and a counterclaim, in which she sought a declaratory ruling that the arbitrator's decision

was not final. On September 17, 2010, the defendant filed a motion for summary judgment, asserting that there was no genuine issue regarding any material fact. The court denied summary judgment, finding that at least three issues of material fact remained in dispute, including whether the arbitration was to continue, whether the defendant's attorney had the authority to enter into the December 21, 2006 agreement and whether that agreement superseded the December 12, 2006 agreement.[4] Despite its denial of summary judgment, the court remanded the case to the arbitrator "to make any findings she deem[ed] appropriate to conclude this matter of arbitration." The plaintiff filed a motion to reargue and/or reconsider, which the court denied. The defendant also filed a motion to reargue, which the court denied. The plaintiff subsequently filed this appeal.

"The denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, not a final judgment for purposes of appeal. . . . We previously have determined [however] that certain interlocutory orders have the attributes of a final judgment and consequently are appealable under [General Statutes] § 52-263. . . . In *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)], we explicated two situations in which a party can appeal an otherwise interlocutory order: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Citation omitted; internal quotation marks omitted.) *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 785, 865 A.2d 1163 (2005). "The second test for finality, where the order on appeal so concludes the rights of the parties that further proceedings cannot affect them, focuses not on

_____

[4] The court also found that the amount of attorney's fees due to the prevailing party also remained a disputed issue of fact.

the proceeding involved, but on the potential harm to the appellant's rights." *State* v. *Curcio*, supra, 33.[5]

Here, the effect of the remand to the arbitrator is to deny to the plaintiff the right that it seeks to have adjudicated in the declaratory judgment action: the right to foreclose any further proceedings before the arbitrator.[6] It also denies the plaintiff's right to an evidentiary hearing when there is a genuine issue of fact over the finality of the arbitration. In that sense, the court's remand, despite its denying summary judgment, has the same effect as granting summary judgment. Therefore, under the second prong of *Curcio*, the trial court's remand to the arbitrator is appealable as a final judgment.

"The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted . . . ." *Paine Webber Jackson & Curtis, Inc.* v. *Winters*, 13 Conn. App. 712, 721–22, 539 A.2d 595, cert. denied, 208 Conn. 803, 545 A.2d 1101 (1988). "The function of the trial court in ruling on a motion for summary judgment is to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does exist until the parties are afforded a full hearing." *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 306, 407 A.2d 971 (1978).

Section 52-29 (a) provides: "The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment."

---

[5] We note that neither party seeks to overturn the denial of summary judgment; the plaintiff on appeal challenges only the remand to the arbitrator.

[6] We do not decide that issue; that is precisely the purpose of a hearing before the trial court.

The defendant asserts that under *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective,* supra, 271 Conn. 474, the trial court may remand the case to the arbitrator to determine what issues remain to be resolved. That case, however, concerned whether a trial court could remand a case to the arbitrator when there had been a request by one side to confirm and by the other side to vacate what both parties agreed was a final award. Similarly, the other cases that the defendant cites for the same proposition addressed whether a court had improperly vacated an arbitration award; see *Marulli* v. *Wood Frame Construction Co., LLC,* 124 Conn. App. 505, 5 A.3d 957 (2010) (trial court improperly vacated arbitrator's award without conducting evidentiary hearing), cert. denied, 300 Conn. 912, 13 A.3d 1102 (2011); and whether the trial court had improperly confirmed an award without considering the arbitrator's clarification. See *All Seasons Services, Inc.* v. *Guildner,* 94 Conn. App. 1, 6, 891 A.2d 97 (2006) (court properly remanded matter to arbitrator for clarification after one party filed timely request to confirm award). All three cases concerned whether remand was appropriate after an application by a party to confirm, vacate or modify an award under §§ 52-417 through 52-420. This case does not.

Having determined in the previous appeal that the court had jurisdiction over whether the arbitrator's decision was final, we need only decide whether the court had the authority, once it had denied summary judgment, to remand the case to the arbitrator before holding an evidentiary hearing. We conclude that it did not.

As we stated in our prior opinion, "[t]he court, in concluding that the arbitration decision was not final, addressed the very issue that the plaintiff sought to have adjudicated by way of a declaratory ruling." *First*

*Merchants Group Ltd. Partnership* v. *Fordham*, supra, 121 Conn. App. 139–40. We also concluded that because of unresolved questions over whether the arbitrator had failed to meet certain deadlines and whether that failure deprived her of authority over the case, the arbitrator's opinion about whether the arbitration was still ongoing was not dispositive and not binding on the court. Id., 143–44. Nothing in the subsequent procedural history has changed that conclusion, except that the trial court found issues of material fact, including whether the arbitration should continue. The court's finding that genuine issues of material fact existed precluded summary judgment on the action for a declaratory ruling, and therefore foreclosed the possibility of remanding any issues to the arbitrator until the court had considered evidence on the merits of the declaratory judgment action. We concluded in the first appeal that "whether the February 23, 2007 decision was a final award could not have been determined on the record before the court." Id., 142. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Schaghticoke Tribal Nation* v. *Harrison*, 264 Conn. 829, 833, 826 A.2d 1102 (2003). Such a hearing was never held.

No authority cited by the defendant supports its proposition that a court may remand a case to an arbitrator or any other entity after finding material issues of fact that preclude summary judgment. The dispute before the court remains whether the award is final and, therefore, whether the arbitrator still has jurisdiction. It is on that question that the court determined that disputed issues of material fact remain, and on that question that the court must hear evidence before deciding whether to remand the case to the arbitrator.

The judgment is reversed only as to the order remanding the case to the arbitrator and the case is remanded to the trial court for further proceedings according to law. The judgment is affirmed in all other respects.