******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CARVALHOS MASONRY, LLC *v.* S AND L VARIETY CONTRACTORS, LLC
## (AC 39565)

Sheldon, Keller and Eveleigh, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for breach of contract. After the trial court had denied the plaintiff's posttrial motion for leave to amend its complaint, in which it sought a reduced amount of damages on the basis of proposed amendments to certain allegations in its original complaint, the court wrote a letter to the parties, stating that while it was drafting its memorandum of decision, it had reviewed the plaintiff's motion for leave to amend the complaint, that the parties should revisit the plaintiff's suggestion in the proposed amended complaint that the matter be resolved for $35,005, and that if the parties agreed on that sum the court would render judgment in that amount. The plaintiff thereafter agreed to settle the matter for the $35,005 sum, but the defendant declined to do so. The court then issued its memorandum of decision and rendered judgment for the plaintiff in the amount of $35,005, from which the defendant appealed to this court. *Held* that the trial court should have disqualified itself from deciding the issues of liability and damages in the plaintiff's action for breach of contract following the court's failed attempt to convince the parties to stipulate to judgment in the amount of $35,005; although the record did not reflect that the court was biased in fact, it was clear that the court impermissibly adjudicated the issues of liability and damages after it recommended that the parties stipulate to judgment in the amount of damages to which the plaintiff claimed it was entitled in its proposed amended complaint, and even though this case did not involve the dangers often associated with a settlement judge presiding over the trial, such as a potential revelation during settlement discussions that would not be admissible at trial and could prejudice a party, and this court did not find that the defendant's rejection of the court's suggested settlement resulted in some retributive sanction or the incurrence of judicial displeasure, to eliminate any appearance of impropriety and to avoid subtle suspicions of prejudice or bias, the trial court should have disqualified itself from deciding the issues presented, and a new trial was warranted.

Argued December 7, 2017—officially released March 13, 2018

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Waterbury and tried to the court, *Hon. Barbara J. Sheedy*, judge trial referee; judgment for the plaintiff, from which the defendant appealed to this court. *Reversed; new trial.*

*William J. Ward*, for the appellant (defendant).

*Nicole D. Dorman*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. In this action stemming from a construction contract, the defendant, S&L Variety Contractors, LLC, appeals from the judgment of the trial court rendered after a bench trial in favor of the plaintiff, Carvalhos Masonry, LLC. The defendant claims that the trial court should have disqualified itself from deciding the issues of liability and damages when it sent a correspondence to both parties, after the trial but before it rendered its decision, suggesting that they stipulate to a judgment for a specific dollar amount, the exact amount that the court ultimately awarded to the plaintiff. We agree with the defendant and, accordingly, reverse the judgment of the trial court and remand the case for a new trial.[1]

The following procedural history is relevant to our consideration of this appeal. The plaintiff commenced this action by service of the writ of summons and complaint on January 6, 2014. The plaintiff alleged that the defendant breached a contract in failing to pay for materials and services rendered in connection with the installation of a cinder block structure at 199 Laze Lane in Southington. The defendant denied the plaintiff's allegations and asserted four special defenses, which the plaintiff denied.

This case was tried to the court on April 19, 2016. On April 28, 2016, the plaintiff filed a motion for leave to amend its complaint to conform to the proof submitted at trial. The plaintiff sought to amend two of the five paragraphs of its complaint. In paragraph 4 of its original complaint, the plaintiff alleged: "Plaintiff fully performed its obligations under its agreement with the defendant." It sought to amend that paragraph to allege: "Plaintiff performed the work which was completed in July, 2012." The plaintiff also sought to amend paragraph 5 of its original complaint, which alleged that the defendant failed to "fully pay for the materials and services rendered" in the amount of "$41,960.71." It sought to amend that paragraph to allege that the defendant failed to "fully pay the balance due for the materials and services rendered" in the amount of "$35,005." The defendant objected to the plaintiff's motion for leave to amend its complaint on the ground that the proposed amendments did not, in fact, conform to the evidence adduced at trial. On May 16, 2016, the court sustained the defendant's objection. The parties filed posttrial briefs on May 19, 2016.

On July 21, 2016, the court faxed a letter to both parties, which stated: "I've taken a 'second look' at [the plaintiff's] motion for leave to amend complaint dated 4/27/16 and denied by me on 5/16/16. That second look came as I was writing a memorandum of decision.

"It occurs to me the parties ought to revisit [the plaintiff's] suggestion [that] the matter be resolved for

the sum referenced in paragraph 5 of that 4/27/16 proposed amended complaint. If the parties are agreed on the sum referenced therein, I will enter judgment in that amount. This assumes of course none of the 'relief' ([in paragraphs] 1-5) would be granted."[2] The court ordered the parties to respond to its inquiry by July 26, 2016. On July 25, 2016, the plaintiff responded to the court that it would agree to the court's suggested settlement amount, $35,005. After the defendant's attorney secured a one week extension to respond to the court's inquiry because he was on vacation, the defendant, on August 1, 2016, declined to stipulate to the judgment proposed by the court. Eight days later, on August 9, 2016, the court issued a written memorandum of decision in which it rendered judgment in favor of the plaintiff in the amount of $35,005. This appeal followed.

The defendant claims on appeal that the court should have disqualified itself from deciding the issues of liability and damages following its failed attempt to convince the parties to stipulate to judgment in the amount of $35,005. We agree.

"When . . . a judge engages in [discussions] looking to the settlement of a case . . . in which he will be called upon to decide the issues of liability and damages . . . [i]t is . . . impossible to avoid questions as to whether the judge can disregard . . . matters disclosed in the conference . . . and whether a preliminary judgment, formed at the conference and predicated on unsubstantiated claims of proof, may have some subtle influence on a final judgment after a full hearing. . . . It is inevitable that the basis is laid for suspicion, no matter how unfounded or unjustified it may be, and that failure to concur in what the judge may consider an adequate settlement may result in the imposition, upon a litigant or his counsel, of some retributive sanction or the incurrence of judicial displeasure. . . .

"When a civil case is to be tried before a jury, participation by the trial judge in pretrial settlement discussions is not likely to be raised as an issue for the purpose of disqualification of the judge. When [however] a judge engages in a pretrial settlement discussion in a court case, he should automatically disqualify himself from presiding in the case in order to eliminate any appearance of impropriety and to avoid subtle suspicions of prejudice or bias. Canons 2, 3 C (1) [now rule 2.11], Code of Judicial Conduct. If, however, all parties agree on the record, and stipulate that the judge may preside, then the infirmity is cured. See General Statutes § 51-39 (c) (When any judge is disqualified to act in any proceeding before him, he may act if the parties thereto consent in open court.)." (Citation omitted; internal quotation marks omitted.) *Timm* v. *Timm*, 195 Conn. 202, 204, 487 A.2d 191 (1985).

"The standard for appellate review of whether the

facts require disqualification is whether the court's discretion has been abused. . . . Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety . . . that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard . . . . The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his . . . impartiality, on the basis of all of the circumstances." (Citation omitted; internal quotation marks omitted.) *Advanced Financial Services, Inc.* v. *Associated Appraisal Services., Inc.*, 79 Conn. App. 22, 50, 830 A.2d 240 (2003).

Here, the defendant does not claim, nor does the record reflect, that the trial court was biased in fact. Nevertheless, it is clear that the court impermissibly adjudicated the issues of liability and damages after it recommended that the parties stipulate to judgment in the amount of damages to which the plaintiff claimed it was entitled in its proposed amended complaint. Although this case does not involve the dangers often associated with a settlement judge presiding over the trial, such as the potential revelation during settlement discussions that would not be admissible at trial and may prejudice one of the parties, one contemplated concern is directly at issue in this case, to wit: that the defendant's rejection of the court's suggested settlement may result in "some retributive sanction or the incurrence of judicial displeasure." (Internal quotation marks omitted.) *Timm* v. *Timm*, supra, 195 Conn. 204. We have not found, and need not find, that such retribution occurred in this case. In order, however, to "eliminate any appearance of impropriety and to avoid subtle suspicions of prejudice or bias"; id.; we conclude that the court should have disqualified itself from deciding the issues presented in this case.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

[1] The defendant also challenges the trial court's judgment on its merits. Because we reverse the matter for a new trial, we need not reach those arguments.

[2] Paragraphs 1 through 5 of the plaintiff's prayer for relief requested compensatory damages, interest, reasonable attorney's fees, costs and "[s]uch other relief in law or equity as determined by this court."